```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAH JUSTICE,

                Plaintiff,

        -against-                        ORDER ADOPTING
                                         REPORT AND RECOMMENDATION
                                         08-CV-3918(JS)(WDW)
CORPORAL GLENN MCGOVERN,

                Defendant(s).
----------------------------------X
APPEARANCES:

For Plaintiff:     Allah Justice, pro se
                   36 W. Clinton Ave
                   Roosevelt, NY 11575

For Defendant:     Diane C. Petillo, Esq.
                   Office of the Nassau County Attorney
                   One West Street
                   Mineola, NY 11501
```

SEYBERT, District Judge:

On September 22, 2008, Allah Justice ("Plaintiff") commenced this action against Corporal Glenn McGovern alleging that Plaintiff was assaulted while incarcerated at the Nassau County Correctional Center. On August 21, 2009, Magistrate Judge William D. Wall recommended that this case be dismissed for failure to prosecute. For the reasons stated below, the Court adopts Magistrate Wall's Report in its entirely and DISMISSES Plaintiff's action.

## DISCUSSION

Plaintiff has repeatedly failed to appear for scheduled conferences. On June 1, 2009, Judge Wall scheduled a telephone conference for July 16, 2009 and mailed a copy of the order to

Plaintiff. Additionally, defense counsel attempted to contact Plaintiff at his telephone number of record, but reported to the Court that Plaintiff was not available at that number. Plaintiff failed to appear for the scheduled telephone conference. On July 23, 2009, Judge Wall issued an Order to Show Cause and scheduled a hearing for August 13, 2009 to determine whether the case should be dismissed for failure to prosecute. Plaintiff did not appear at the scheduled hearing, and did not otherwise attempt to contact the Court. Judge Wall recommends that the Court dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to appear at conferences, failed to inform the Court of his current address, and failed to prosecute his case.

Pursuant to Rule 72 of the Federal Rule of Civil Procedure, any objections to the Report were to be filed with the Clerk of the Court within ten days of service of the Report. The time for filing objections has expired and no party has objected.

The Second Circuit has held that district courts dismissing a plaintiff's complaint for failure to prosecute must first consider: "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately

considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, 222 F.3d 52, 63 (2d Cir. N.Y. 2000).

Here, the Court notes that Plaintiff repeatedly failed to appear at conferences and has not attempted to contact the Court to apprise the Court of his reason for his absence. Plaintiff twice failed to appear for a scheduled conference, and the Court has not heard from Plaintiff with respect to this case since January of 2009. Judge Wall scheduled a hearing and gave Plaintiff adequate notice of the Court's intention to dismiss Plaintiff's case for failure to prosecute. The Court notes that Plaintiff is no longer incarcerated, and therefore should have an unrestricted ability to contact the Court and to otherwise keep informed of the status of his case. Moreover, prejudice to Defendant is likely to result if Defendant must spend time and resources to appear for Court conferences where Plaintiff does not present himself.

Plaintiff had a duty to apprise the Court of his updated contact information and to appear for scheduled conferences. Because Plaintiff failed to meet that duty, the Court finds that Plaintiff's actions, or lack thereof, warrant dismissal of Plaintiff's Complaint. See Boyd v. City of New York, No. 05-CV-5747, 2008 U.S. Dist. LEXIS 32671, at *2 (E.D.N.Y. Apr. 21, 2008) (dismissing pro se plaintiff's case for failure to prosecute); Oparaji v. N.Y. City Dep't of Educ., No. 02-CV-3900, 2006 U.S.

3

Dist. LEXIS 56481, at *4 n.1 (E.D.N.Y. July 19, 2006) ("It is well-established that a district court may, as here, exercise its discretion and even sua sponte dismiss an action for failure to prosecute."). Accordingly, the Court adopts Magistrate Judge Wall's recommendation and dismisses Plaintiff's case for failure to prosecute.

## CONCLUSION

For the reasons stated above, the Court ADOPTS Magistrate Judge Wall's Report and Recommendation in its entirety, and DISMISSES Plaintiff's action with prejudice. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September  9 , 2009